KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
2450 Venture Oaks Way, Suite 200
Sacramento, CA 95833
P: (916) 905-7265
F: (916) 721-2742
E: info@ksp-law.com

Attorney for M.R., MARQUWEDA JOHNSON,

And JAMALL ROBINSON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.R., a minor by and through his Guardian Ad Litem, MARQUWEDA JOHNSON, as an individual, and JAMALL ROBINSON, as an individual<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, as an municipal corporation; CITY OF OAKLAND, as an municipal corporation, SAMANDEEP KAUR, in her individual capacity; DOES 1 through 20, in their individual Capacity<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from the unconstitutional use of force, unlawful seizure, and deliberate indifference to serious medical needs suffered by Plaintiff M.R., a minor who was only fifteen (15) years old at the time of the incident.

2. On February 17, 2025, Plaintiff was a passenger in a vehicle stopped by officers of the

City of Oakland Police Department. During the stop, officers used unnecessary and excessive force against Robinson, striking him in the head and neck area despite the fact that he was not resisting, fleeing, or posing a threat.

3. After being injured by law enforcement, Robinson was transported to Alameda County Juvenile Hall. Upon intake, he exhibited obvious and alarming neurological symptoms, including dizziness, blurred vision, and numbness on one side of his body which are classic indicators of a serious medical emergency.
4. Despite these symptoms, Defendant nurse Samandeep Kaur failed to conduct any meaningful medical evaluation, failed to refer Robinson for urgent care, and instead cleared him for housing after administering only a tuberculosis test.
5. Robinson was then placed alone in a cell without monitoring or medical supervision.
6. The following day, Robinson was found unresponsive, vomiting, and struggling to breathe. He was later diagnosed with a catastrophic ischemic stroke caused by basilar artery occlusion.
7. Defendants' actions and omissions were objectively unreasonable, constituted deliberate indifference to a serious medical need, and directly caused severe and permanent injury to Robinson.
8. This case also arises from systemic failures, including municipal policies, customs, and practices that encourage excessive force and fail to ensure adequate medical screening and care for detained juveniles.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
10. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.
11. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Alameda County.

## III. PARTIES

12. Plaintiff M.R. is a minor who resides in Oakland, California.

13. Plaintiff Marqueweda Johnson is M.R.'s mother.

14. Plaintiff Jamall Robinson is M.R.'s father.

15. Defendant City of Oakland is a municipal entity responsible for the policies, practices, and conduct of its police officers.

16. Defendant County of Alameda operates Alameda County Juvenile Hall and is responsible for medical care and supervision of detainees.

17. Defendant Samandeep Kaur was, at all relevant times, a nurse employed by or acting on behalf of Alameda County.

18. Defendants DOES 1 through 50 are individuals whose identities are currently unknown.

## IV. FACTUAL ALLEGATIONS

### A. The Traffic Stop and Use of Force

19. On or about February 17, 2025, M.R. was a passenger in a vehicle that was stopped by officers of the Oakland Police Department.

20. On information and belief, during the stop, officers (DOES 1 through 10) collectively seized M.R. and collectively used force that was unnecessary and excessive under the circumstances.

21. M.R. was struck in the head and neck area by DOES 1 though 10.

22. At all relevant times, M.R. was not actively resisting arrest, was not attempting to flee, and did not pose a threat to officers or others.

23. The force used was objectively unreasonable and violated clearly established constitutional rights.

### B. Transport and Intake at Juvenile Hall

24. Following the arrest, M.R. was transported to Alameda County Juvenile Hall.

25. At approximately 8:00 a.m., M.R. underwent a medical intake screening.

26. During intake, M.R. reported: dizziness, blurred vision, and numbness on the left side of his body.

27. These symptoms constituted a serious medical need because a reasonable medical professional would recognize them as requiring immediate evaluation and treatment.

28. Defendant Kaur failed to: perform a neurological assessment, obtain physician consultation, order diagnostic testing, or initiate emergency medical care.

29. Instead, Kaur administered a tuberculosis test and cleared Robinson for housing in a single occupant cell to clear quarantine mandates.

30. Kaur's actions were not the result of mere negligence but reflected a conscious or reckless disregard of an obvious risk of serious harm.

**C. Failure to Monitor and Provide Care**

31. Robinson was placed alone in a cell without monitoring.

32. At approximately 9:00 p.m., Robinson left a voicemail for his mother.

33. No meaningful welfare checks or monitoring occurred.

34. Robinson remained in his cell overnight despite his reported symptoms.

**D. Collapse and Medical Emergency**

35. On February 18, 2025, Robinson was found unresponsive on the floor of his cell at about 8:45 a.m.

36. He was vomiting and experiencing respiratory distress.

37. Prior to hospital arrival, Robinson was obtunded but still able to move his body.

38. He subsequently lost consciousness and lost the ability to move the left side of his body.

39. Robinson was diagnosed with an acute ischemic stroke due to basilar artery occlusion.

40. The delay in treatment significantly worsened his condition and caused permanent injury.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 – Unlawful Seizure / Excessive Force)

Against DOES 1–10

41. Plaintiffs reallege all prior paragraphs.

42. Defendants used objectively unreasonable force during Robinson's seizure.

43. The force was excessive under the circumstances and violated the Fourth Amendment.

44. Defendants' conduct directly caused Robinson's injuries.

//

///

**SECOND CAUSE OF ACTION**

(42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs)

Against KAUR and DOES 19–20

45. Plaintiffs reallege all prior paragraphs.

46. Robinson had a serious medical need.

47. Defendants failed to respond to that need despite obvious symptoms.

48. Liability arises where officials deny, delay, or interfere with necessary medical treatment.

49. Defendants' conduct was objectively unreasonable and constituted deliberate indifference.

50. This conduct caused Robinson's injuries.

**THIRD CAUSE OF ACTION**

(42 U.S.C. § 1983 – Failure to Protect / Conditions of Confinement)

Against DOES 11–18

51. Plaintiffs reallege all prior paragraphs.

52. Defendants placed Robinson in conditions that posed a substantial risk of serious harm.

53. Defendants failed to take reasonable steps to monitor or protect him.

54. This conduct violated the Fourteenth Amendment.

**FOURTH CAUSE OF ACTION**

(Monell Liability – City of Oakland)

55. Plaintiffs reallege all prior paragraphs.

56. A municipality is liable where a policy or custom is the moving force behind a constitutional violation.

57. City of Oakland maintained policies, practices, or customs that: permitted or encouraged excessive force, failed to discipline officers, and ratified unconstitutional conduct.

58. These policies caused the violation of Robinson's rights.

**FIFTH CAUSE OF ACTION**

(Monell Liability – County of Alameda)

59. Plaintiffs reallege all prior paragraphs.

60. Alameda County maintained policies and practices that failed to provide adequate training to intake medical staff.

61. The County failed to train nurses to recognize and respond to neurological emergencies.

62. Failure to train constitutes deliberate indifference where it reflects disregard for constitutional rights.

63. These failures were the moving force behind Robinson's injuries.

**SIXTH CAUSE OF ACTION**

(Fourteenth Amendment – Familial Association)

64. Plaintiffs reallege all prior paragraphs.

65. Defendants' conduct interfered with the parent-child relationship.

66. Such conduct shocks the conscience and violates due process.

**SEVENTH CAUSE OF ACTION**

(Bane Act – Cal. Civ. Code § 52.1)

67. Plaintiffs reallege all prior paragraphs.

68. Defendants interfered with constitutional rights through coercive conduct.

69. Deliberate indifference to serious medical needs constitutes actionable interference under the Bane Act.

**EIGHTH CAUSE OF ACTION**

**(Medical Negligence – California Law)**

**Against Defendant SAMANDEEP KAUR, DOES 19–20, and COUNTY OF ALAMEDA**

72. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

73. At all relevant times, Defendant **SAMANDEEP KAUR** and DOES 19–20 were licensed medical professionals and/or healthcare providers acting within the course and scope of their employment with Defendant **COUNTY OF ALAMEDA**.

74. At all relevant times, Defendants owed Plaintiff M.R. a duty to exercise that level of care, skill, knowledge, and diligence ordinarily possessed and exercised by reasonably careful and prudent healthcare providers under similar circumstances.

75. Defendant KAUR and DOES 19–30 breached that duty of care by, among other things:

a. Failing to perform an adequate medical intake screening;

b. Failing to conduct a neurological assessment despite obvious symptoms;

c. Failing to recognize signs and symptoms of stroke or traumatic brain injury;

d. Failing to order appropriate diagnostic testing;

e. Failing to refer Plaintiff to a physician or higher level of care;

f. Failing to initiate emergency medical treatment;

g. Failing to implement monitoring or follow-up care;

h. Improperly clearing Plaintiff for housing despite a serious medical condition.

76. Plaintiff exhibited symptoms—including dizziness, blurred vision, and unilateral numbness—that a reasonably prudent medical provider would have recognized as requiring immediate evaluation and treatment.

77. Defendants' conduct fell below the applicable standard of care and constituted professional negligence.

78. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent injuries, including but not limited to neurological damage, stroke, and loss of bodily function.

79. Defendant **COUNTY OF ALAMEDA** is vicariously liable for the negligent acts and omissions of its employees, including KAUR and DOES 19–20, pursuant to California Government Code § 815.2.

80. Plaintiffs have complied with the California Government Claims Act, or compliance has been excused.

81. As a proximate result of Defendants' negligence, Plaintiffs have suffered damages as alleged herein.

## VI. DAMAGES

82. Plaintiffs suffered: severe physical injury, emotional distress, loss of enjoyment of life, medical expenses, and loss of familial companionship.

83. Defendants acted with reckless disregard, justifying punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

1. Compensatory damages;
2. Punitive damages;
3. Attorneys' fees pursuant to 42 U.S.C. § 1988;
4. Costs of suit;
5. Such other relief as the Court deems just and proper.

Dated: March 30, 2026

*/s/ Kellan S. Patterson*

Kellan S. Patterson
Attorney for PLAINTIFFS