UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.R., et al.,<br>Plaintiffs,<br>v.<br>COUNTY OF ALAMEDA, et al.,<br>Defendants. | Case No. 26-cv-02801-JST<br><br>**ORDER GRANTING DEFENDANT CITY OF OAKLAND'S MOTION TO DISMISS**<br><br>Re: ECF No. 14 |

Before the Court is Defendant City of Oakland's motion to dismiss. ECF No. 14. The Court finds the matter suitable for disposition without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will now grant the motion.

Plaintiff M.R. and his parents allege that City of Oakland police officers "used unnecessary and excessive force against [M.R.], striking him in the head and neck area despite the fact that he was not resisting, fleeing, or posing a threat." ECF No. 1 ¶ 2. Plaintiffs further allege that M.R. received inadequate medical care while detained at Alameda County Juvenile Hall. *Id.* ¶¶ 3–6.

The complaint's fourth claim for relief is a *Monell* claim against the City of Oakland, alleging that the City "maintained policies, practices, or customs that: permitted or encouraged excessive force, failed to discipline officers, and ratified unconstitutional conduct." *Id.* ¶ 57; *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). In their opposition, Plaintiffs concede that this claim "should be supplemented with factual allegations identifying the particular policy or custom and

United States District Court
Northern District of California

explaining how that municipal action caused the constitutional deprivation," and they "propose[] areas of amendment to demonstrate that the *Monell* claim is not incurable." ECF No. 21 at 5 (italics added). The Court therefore dismisses this claim with leave to amend.

The complaint's sixth and seventh claims for relief are for "Fourteenth Amendment – Familial Association" and violation of the Bane Act, Cal. Civ. Code § 52.1, respectively, and do not identify the Defendants against whom they are asserted. ECF No. 1 ¶¶ 64–69. As with their *Monell* claim, Plaintiffs concede the deficiency of these claims and request leave to amend. Plaintiffs state that they can "identify[] the relevant plaintiffs and defendants in the headings and . . . includ[e] separate factual allegations explaining the conduct attributable to each group of defendants." ECF No. 21 at 9. As to the familial association claim, they argue that "[w]hen supplemented," the complaint "may plausibly establish that the force served no legitimate law enforcement objective," and state that they will amend the claim with additional allegations. *Id.* at 6–7. Similarly, Plaintiffs assert that additional allegations "can cure the City's fair-notice objection" as to the Bane Act claim. *Id.* at 8. The Court therefore dismisses both the sixth and seventh claims with leave to amend.

**CONCLUSION**

The City's motion to dismiss is granted. Plaintiffs' fourth, sixth, and seventh claims are dismissed with leave to amend. Any amended complaint, solely to cure the deficiencies in these claims, must be filed within 28 days of the date of this order. Failure to file a timely amended complaint will result in dismissal of these claims with prejudice.

**IT IS SO ORDERED.**

Dated: August 5, 2026

JON S. TIGAR
United States District Judge