UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.R., et al.,

Plaintiffs,

v.

COUNTY OF ALAMEDA, et al.,

Defendants.

Case No. 26-cv-02801-JST

**ORDER GRANTING DEFENDANT COUNTY OF ALAMEDA'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Re: ECF No. 24

Before the Court is Defendant County of Alameda's motion to set aside entry of default. ECF No. 24. The Court finds the matter suitable for disposition without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will now grant the motion.

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." Courts consider three factors when evaluating good cause: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation modified). The standard "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (citation modified).

Plaintiffs' opposition to the motion was due on September 4, 2026. None was filed. Plaintiffs also failed to file the required statement of non-opposition if they did not oppose the motion. Civil L.R. 7-3(b). The Court admonishes Plaintiffs to follow the Local Rules.

United States District Court
Northern District of California

United States District Court
Northern District of California

Considering the County's motion on its merits, the Court finds good cause to set aside the entry of default. First, it appears that the County's failure to respond was due to inadvertent calendaring mistakes, and not the sort of "bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," that is required to find culpable conduct. *Mesle*, 615 F.3d at 1092 (citation modified). Second, the Court cannot conclude that the County has no meritorious defense. The County's burden is "not extraordinarily heavy," and "the Court asks only whether some possibility exists that the outcome of the suit after a full trial would differ from the result reached by the default." *Mission Trading Co., Inc. v. Lewis*, No. 16-cv-01110-JST, 2016 WL 4268667, at *2 (N.D. Cal. Aug. 15, 2016) (citation modified). The County has met that burden. For example, the Court finds it possible that, as the County argues, Plaintiffs may have "fail[ed] to set forth any policy, custom, or practice that was the moving force behind any alleged constitutional violation," and there may also be statute of limitations issues or other defenses. ECF No. 24 at 4–5. Finally, the Court finds no prejudice to Plaintiffs, who have recently filed an amended complaint, ECF No. 27. There is no indication that the delay of a few weeks in the County's failure to respond to the original complaint caused any prejudice, and Plaintiffs—by failing to file any opposition to the County's motion—have also failed to identify any potential prejudice. In short, this case does not present any "extreme circumstances" that warrant the "drastic step" of entering judgment by default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The County's motion to set aside entry of default, ECF No. 24, is granted. The County shall respond to Plaintiffs' amended complaint within the time allowed by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: September 8, 2026

JON S. TIGAR
United States District Judge